## Waters v. Lowry, Rodgers Company.

*Principal and agent—Disclosed principal—Suit by agent—Parties.*
1. The rule that a disclosed principal in a contract of sale, and not the agent, must be the party to sue, has no application where the contract expressly provides that the agent is the party responsible for the collection of the proceeds of the sale.

*Contract—Sale—Inspection—Failure to properly inspect—New trial.*
2. A new trial will not be granted in an action for goods sold and delivered, where defendant claims that the goods were not of the quality warranted, and the verdict is for plaintiff, if the evidence indicates that defendant had not made such an inspection as to warrant the conclusion that the goods were not substantially as represented.

Rule for new trial and motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., Dec. T., 1920, No. 8083.

*W. L. Sheppard,* for plaintiff; *G. G. Parry,* for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Jan. 16, 1924.—This suit was brought for the recovery of an amount claimed to be due for canned tomatoes sold by the plaintiff, as a broker, to the defendant. The goods were delivered. The defence was that they were not up to the quality required by the order, and that the plaintiff could not sustain the suit in his name because he was acting for a disclosed principal in the selling of the goods to the defendant. The jury returned a verdict in favor of the plaintiff for $1822.25. The defendant has moved for judgment *non obstante veredicto* upon the whole record, and has taken a rule for a new trial. The only reason in support of the motion and rule upon which the defendant seems to rely is that the plaintiff was acting for a disclosed principal, and, therefore, cannot sue in his own name.

The goods in question were sold upon a written contract signed by the plaintiff and the defendant. This written agreement sets forth that the goods are sold "for account of Mr. A. B. Stiff." The contract also contains the following provision: "These goods to be billed by Charles F. P. Waters, and proceeds collected by him for account of seller." While it is true, as a gen-

eral proposition, that where an agent acts for a disclosed principal, suit upon a contract must be brought in the name of the principal; yet, where the contract expressly provides that the goods are to be billed in the name of the agent and the proceeds collected by the agent, it clearly indicates that the party responsible for the collection of the proceeds of the sale is the agent, in this case the plaintiff Waters. The rule that a disclosed principal, and not the agent, must be the party to the suit, has no application where the contract expressly provides that the agent is the party responsible for the collection of the proceeds of the sale.

The question of the quality of the goods was for the jury under the evidence in the case, and this evidence rather strongly indicated that the defendant had not made such an inspection as to warrant the conclusion that the goods were not substantially as represented, and that a rejection was justified.

We see no error in the way these questions were submitted.

And now, to wit, Jan. 16, 1924, rule for new trial discharged. The motion for judgment *non obstante veredicto* is overruled, and an exception to this action of the court is hereby noted for the defendant. Judgment is hereby directed to be entered upon the verdict upon payment of the jury fee.